United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————————

No. 04-20005

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court
For the Souther District of Texas
USDC No. 4:03-CR-154-1

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kenneth Williams appeals his conviction following a guilty plea to conspiracy to possess with intent to distribute crack cocaine, and aiding and abetting the possession of crack cocaine with intent to distribute.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A grand jury indicted Williams on four counts. Count one of the indictment charged Williams with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). Count two charged Williams with aiding and abetting the possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Counts three and four each charged Williams with aiding and abetting the possession with intent to distribute 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2.[1]

Williams pleaded not guilty before a United States magistrate judge. He then reversed course and pleaded guilty to counts one through four of the indictment, and the district court accepted his plea. A presentence report recommended that Williams be held accountable for 152.5 grams of crack cocaine. Based on the uncontested drug quantities involved, the probation officer recommended a base offense level of 34, citing section 2D1.1(c)(3) of the Sentencing Guidelines, and a three level reduction for acceptance of responsibility, resulting in a total offense level of 31. The district court adopted the presentence report and sentenced Williams to 168 months imprisonment, to be followed by five years of supervised release, a fine of $5,000, and a special assessment of $400.

Williams raises two arguments on appeal. First, Williams contends that his guilty plea was involuntary because he was not informed that the exact amount of crack cocaine involved was an element of the offense that the government was required to prove to a jury beyond a reasonable doubt. Second, Williams argues that the indictment was deficient because it omitted an element of

---

[1] Count five of the indictment did not name Williams, but charged others with aiding and abetting the possession of 5 grams or more of crack cocaine with intent to distribute.

the offense, namely the specific quantity of crack cocaine involved in the offense. Williams claims that this omission violated his Fifth Amendment right to a grand jury indictment and protection against double jeopardy, as well as his Sixth Amendment right to a jury trial.

Williams raises these issues for the first time on appeal. Therefore, we review for plain error. *United States v. Cotton*, 535 U.S. 625, 631 (2002). We may not correct an error that the defendant failed to raise in the district court under the plain error standard unless "there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* For an error to affect substantial rights, it must be shown that it "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1997). The defendant bears the burden of persuasion with respect to prejudice. *Id.* "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 631.

Williams contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004) stand for the proposition that the true statutory maximum under a mandatory sentencing scheme such as the Sentencing Guidelines is whatever the judge may impose based on the facts found by the jury beyond a reasonable doubt. Therefore, Williams argues that his plea was not knowing and voluntary under FED. R. CRIM. P. 11 since the district court failed to inform him that the jury would have to find a specific drug quantity, but instead simply informed him that the government would have to prove that the offense involved at least 50 grams (counts one, three, and four) or at least 5 grams (count two) of crack cocaine. Because he was not informed that the exact amount of drugs involved was an essential element of the offense, Williams argues his plea was involuntary.

This court's holding in *United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), that *Blakely* does not apply to the federal guidelines, obviously has been superceded by *United States v. Booker*, 125 S.Ct. 738, 746, which held that "the Sixth Amendment as construed in *Blakely* does apply to the sentencing guidelines." Even if we assume that *Booker* requires that the district court specify precise drug quantities (or at least specify ranges under the guidelines) in a Rule 11 proceeding and that the failure t o do so is an "error" and "plain," Williams still cannot establish the final element for plain error, that it affected his substantial rights.

All of Williams' claims hinge on his contention that his indictment failed to allege a specific drug quantity. The specific quantity of drugs was never in dispute in this case and was agreed upon by all parties. In fact, Williams admitted that *more* crack cocaine was involved than the quantity for which he was ultimately sentenced. Williams was sentenced based on the involvement of 152.5 grams of crack cocaine in his offenses. In his statement accepting responsibility for his offense, "Williams disclosed he sold a total 157 grams of crack cocaine to an undercover officer." Williams did not object to this statement in the presentence report. Because Williams specifically admitted to selling over 150 grams of crack cocaine, the district court could, and did, set his base offense level at 34. Similarly, Williams admitted to a quantity of drugs over 150 grams during his rearraignment and failed to object to the findings made in the presentence report that the amount was over 152.5 grams.

Whatever imperfections of the indictment may exist under *Booker*, it is beyond dispute that the grand jury indicted Williams for being involved with at least 155 grams of crack cocaine and that his guilty plea and sentence only held him accountable for 152.5 grams. Therefore, Williams cannot show any prejudice from any error, nor can he demonstrate that the fairness of judicial proceedings would be seriously affected if this court were to deny relief. *Cotton*, 535 U.S. at 631. Williams'

remaining claims, that his indictment was constitutionally defective under the Fifth and Sixth Amendments, fail for the same reason, he cannot demonstrate that it affected his substantial rights.

For the above stated reasons, we AFFIRM the district court's judgment.